county. The defendant has at length appeared to the action, and has filed a plea to the jurisdiction of the court, on the ground that the plaintiff was a citizen of the state of Ohio at the time suit was brought, and has since continued to be such. The plaintiff has joined issue with the defendant, and the question of jurisdiction is the only one now before the court.

The evidence seems to be conclusive, that the plaintiff, having previously resided with his family, at Cincinnati, was unfortunate in business as a brick-maker and brick-layer; and in the year 1856, removed to Chicago, leaving his family here, with the intention of taking them to Chicago at a subsequent time and making it his permanent residence. His purpose, as he states in his testimony, in leaving his wife, was that his younger children might be educated at the high school in Cincinnati. He continued at Chicago, in pursuit of his business, until 1859, intending, up to that time, to remove his family and continue his residence permanently there. His wife, however, being opposed to living at Chicago, in 1859 he came back to Cincinnati. The testimony is satisfactory to prove his intention to have been, in going to Chicago, to make that place his home. It is also proved, by those who knew him intimately, that while absent he was regarded as having his residence at Chicago. And, in support of this conclusion, it is proved that while there he voted for two successive years, including the year in which this suit was commenced.

It is clear that, in this state of facts, the plea to the jurisdiction is not sustained. The plaintiff was a citizen of Illinois in 1858, when this suit was brought, having gone there without any intention of leaving, and having there exercised the right of voting as a citizen of that state. He was not, therefore, at that time a citizen of Ohio, and had an undoubted right to sue in this court. The fact, that owing to his wife's opposition to living at Chicago he subsequently left the place, does not prove he did not go there for a permanent settlement, nor that he was not a citizen of Illinois when this suit was brought. His subsequently formed purpose of leaving Chicago can not affect or invalidate the evidence of his actual residence there at the time stated. Neither does the fact of his leaving a part of his family at Cincinnati, under the circumstances proved, negative the fact of citizenship in Illinois. [Shelton v. Tiffin] 6 How. [47 U. S.] 163, 185; [Ennis v. Smith] 14 How. [55 U. S.] 422.

The plea to the jurisdiction is overruled.

---

## Case No. 1,487.

### The BLAIREAU.

[See Mason v. The Blaireau, Cases Nos. 9,230 and 9,231.]

---

## Case No. 1,488.

### In re BLAISDELL et al.

[5 Ben. 420;[1] 6 N. B. R. 78; 42 How. Pr. 274.]

District Court, S. D. New York. Dec. Term, 1871.

#### BANKRUPTCY—DUTY OF ASSIGNEE—LIST OF CREDITORS.

The assignee in bankruptcy may be ordered by the register to furnish to the bankrupt a certified list of the creditors who have proved their debts, and must obey the order.

[Cited in Re Dole, Case No. 3,965.]

[In bankruptcy. In the matter of Alvah Blaisdell and others.]

In this case one of the bankrupts having applied for his discharge, his petition was referred to the register. The register gave him duplicate lists of the creditors who have proved their debts, one of which he left with the assignee to be certified as correct by him. The assignee having failed to do so, the bankrupt obtained from the register an order that the assignee show cause why he should not sign the lists. On the return of the order to show cause, the assignee failed to appear, and he did not sign the lists, whereupon the register certified the proceedings to the court, stating that he proposed to make an order that the assignee furnish and deliver the lists, duly signed, to the bankrupt within three days.

[2] [By JOHN FITCH, Register: This case is now pending before me. It is an involuntary proceeding. At the first meeting of creditors herein, John Mackenzie was duly chosen assignee and accepted said trust, his appointment was duly confirmed and the usual assignment of the bankrupt's estate and effects was made and delivered to him. That quite a large number of claims have been proven against the estate, which proofs of claims have been delivered to said assignee. That Alvah Blaisdell, one of the said bankrupts, on the 27th day of October, 1871, filed his petition for final discharge in the office of the clerk of this court in bankruptcy. That the said cause is before me in accordance with the rules and practice of this court. Whereupon said bankrupt applied to me for an order to show cause why he should not be discharged. I thereupon made and delivered to said bankrupt duplicate lists of all the debts proven against his estate, taken from my books, the record of this court. That it appears from the petition of said bankrupt, that said list of debts, &c., were delivered to and left with said John Mackenzie, assignee as aforesaid, for his signature, on or about the 29th day of October, 1871. That said petition further states upon information and belief that said list of debts were by said assignee delivered to one D. M. Porter, Esq., his attorney, who was called

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]
[2] [From 6 N. B. R. 78.]